IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP OLER,

    Plaintiff,

v.

TRUHOME SOLUTIONS, LLC,

    Defendant.

Case No. 16-2307

## MEMORANDUM & ORDER

This matter comes before the court on plaintiff Phillip Oler's Motion to Remand (Doc. 10). On March 31, 2016, plaintiff filed claims in the District Court of Johnson County, Kansas, for defamation and unlawful termination in violation of the whistleblower exception to the at-will employment doctrine. (Doc. 1-1.) On May 12, 2016, defendant removed the case to federal court. (Doc. 1.) On May 19, 2016, defendant filed a motion to dismiss for failure to state a claim, and on June 10, 2016, plaintiff filed his motion to remand.

**I. Background**

Plaintiff's complaint states that he worked for defendant as a loan originator from November 21, 2014 to May 7, 2015. Plaintiff claims that his supervisor instructed him to gather private information from individuals who were completing loan applications with a rival company through personal connections at the rival company. Plaintiff states that he believed doing so would violate federal law and that a reasonably prudent person would have so believed. Plaintiff reported the situation to management and was fired a few days afterwards. Since plaintiff's employment with defendant was terminated, he has sought other employment. Plaintiff claims that defendant's agent made defamatory statements about plaintiff, damaging his reputation, making it impossible for him to

find work in the mortgage-lending industry. Thus plaintiff sues for both defamation and wrongful termination.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 908, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). A federal court has jurisdiction over a claim if it is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Civil actions filed in state courts over which district courts have original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To determine whether a claim arises under federal law, the well-pleaded complaint rule usually governs. *Sharp v. Wellmark, Inc.*, 744 F. Supp. 2d 1191, 1194 (D. Kan. 2010). It provides that federal jurisdiction lies where plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smoky Hills Wind Farm, LLC v. Midwest Energy, Inc.*, No. 15-1116-JTM, 2015 WL 3833378, at *2 (D. Kan. June 22, 2015) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1993)). "Even if a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006). For removal to be appropriate, the federal question must be "contested and substantial." *Id.* (quoting *Grable & Sons*, 545 U.S. 308, 312 (2005)).

The rule makes plaintiffs the master of their own claim by allowing them to avoid federal jurisdiction by choosing to raise only state law claims. *Id.* Potential defenses are generally not a sufficient basis for removal. *Dutcher*, 698 F.3d at 985. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The party claiming jurisdiction has the burden to show it by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003). There is a presumption against finding federal jurisdiction, until the party invoking it makes an adequate showing. *Id.* at 1194. "Doubtful cases must be resolved in favor of remand." *Colbert v. Union Pac. R. R. Co.*, 485 F. Supp. 2d 1236, 1239 (D. Kan. 2007) (quoting *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d, 1232, 1234 (D. Kan. 1999)).

**III. Discussion**

Defendant argues that plaintiff's state law claims are removable under the well-pleaded complaint rule or because plaintiff's wrongful termination claim falls into the complete preemption exception to the well-pleaded complaint rule. For the reasons explained more fully below, defendant fails to meet its burden to establish removal is appropriate.

**A. The well-pleaded complaint rule**

The first step of the well-pleaded complaint rule asks whether plaintiff's claims are created by federal law. They are state law tort causes of action for defamation and wrongful termination, not created by federal law. The court is not persuaded by defendant's argument that just because plaintiff mentions a federal statute in the complaint, the Gramm-Leach-Bliley Act ("GLBA"), the case is removable. Defendant does not argue that plaintiff's defamation claim is removable on its own, so the

only possible avenue for removal under the well-pleaded complaint rule is if resolution of plaintiff's claim for wrongful termination requires the court to resolve a substantial issue of federal law.

The State of Kansas recognizes two public policy exceptions to the at-will employment doctrine, one of which is the whistleblower exception at issue in this case. *Flenker v. Willamette Indus., Inc*, 266 Kan. 198, 200 (1998). Under Kansas law, "[t]ermination, in retaliation for the good faith reporting of a co-worker's or employer's serious infraction of rules, regulations, or law pertaining to public health, safety, and the general welfare, is an actionable tort." *Id.* (citing *Palmer v. Brown*, 242 Kan. 893, 900 (1988)). To prove a claim under this exception, a plaintiff must show:

> under the facts of the case, a reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and the employee was discharged in retaliation for making the report.

*Palmer v. Brown*, 242 Kan. 893, 900 (1988).

Defendant argues that to prevail, plaintiff must show "that a reasonable person would have believed that TruHome's conduct violated the GLBA. . . . [requiring] an analysis of what conduct would actually violate the underlying statute." (Doc. 11 at 6.) Plaintiff claims he must show only that "a reasonably prudent person would have concluded that the employer or supervisor was violating the law." (Doc. 10 at 3.)

The court determines that it would be most appropriate for a Kansas court to decide whether, under Kansas law, plaintiff is required to show that a law was actually violated, or whether it is sufficient to find, as the plain language of Kansas cases indicates, that "a reasonably prudent person would have concluded" that there was a violation. In any event, it is not necessary to resolve contested or substantial issues of federal law in this case. The GLBA states that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the

privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). Even if plaintiff must prove that a rule, regulation or law relating to public policy was in fact violated, a state court would be equally competent to determine whether a violation occurred. Because plaintiff's claims are not created by federal law and resolving them does not require deciding substantial issues of federal law, there is no federal jurisdiction.

### B. Complete preemption

Defendant also argues that this case is removable based on the complete preemption doctrine. The complete preemption exception to the well-pleaded complaint rule provides that "when a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Sharp*, 744 F. Supp. 2d at 1195 (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8). Complete preemption differs from ordinary preemption because it involves a "situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Colbert*, 485 F. Supp. 2d at 1240 (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1342 (10th Cir. 1996)). To employ the exception, a court must find that a claim falls within the scope of a federal statute Congress intended to completely displace all state law on the issue and comprehensively regulate the area. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011).

"Complete preemption is a rare doctrine, one that represents an extraordinary pre-emptive power." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) (internal citations omitted). The United States Supreme Court warns not to imply the doctrine lightly and has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 ("LMRA"); § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"); and actions for usury against national banks under the National Bank Act. *Id.* (citing

*Hanson*, 641 F.3d at 1221; *Avco Corp. v. Aero Lodge No. 735 Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557 (1968) (LMRA); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (ERISA); and *Beneficial Nat. Bank*, 539 U.S. 1 (2003) (National Bank Act).  There is a two-part test to determine whether complete preemption is appropriate: (1) whether the federal regulation at issue preempts the state law plaintiff relies on; and (2) whether Congress intended to allow removal in such cases, manifested by the creation of a federal cause of action to enforce the regulation.  *Devon*, 693 F.3d at 1205.  For complete preemption to apply, the federal remedy must provide some vindication for the same basic right or interest alleged by the plaintiff.  *Id.* at 1207.

The court first looks to see whether Congress intend to allow removal in cases such as this, by creating of a federal cause of action to enforce the GLBA.  Section 6805 of the GLBA sets out how it is to be enforced.  It provides that the "Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission" shall enforce the Act.  15 U.S.C. § 6805.  It provides for no private right of action.  *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007); *In re Davis*, 430 B.R. 902, 908 (D. Colo. 2010) (stating that the GLBA "does not create a private cause of action, nor is one implied.  No court has ruled to the contrary.").  Defendant argues that the Consumer Financial Protection Act ("CFPA") preempts plaintiff's claim because it provides an "adequate alternative remedy" and because "Congress intended to allow removal of claims subject to the CFPA because the CFPA provides for a federal cause of action that can be brought by private individuals."  (Doc. 11 at 9.)  The court finds this argument unpersuasive.  The United States Supreme Court has remarked that "the mere existence of a federal regulatory or enforcement scheme . . . does not by itself imply pre-emption of state remedies."  *English v. Gen. Elec. Co.*, 496 U.S. 72, 87 (1990).  Congress created no such right under the GLBA.  Although the Bureau of Consumer Financial Protection has the authority to enforce the GLBA, defendant has not

persuaded the court that Congress intended such enforcement to act as plaintiff's sole remedy for a wrongful termination claim such as the one at issue in this case. Defendant also fails to show that any such remedy available to plaintiff would provide some vindication for the right plaintiff claims was violated. Because the GLBA does not create a federal cause of action for wrongful termination, the court finds that complete preemption does not apply, and plaintiff's motion to remand is granted.

### C. The alternative remedies doctrine

Defendant also mentions the alternative remedies doctrine in support of its argument that complete preemption should apply. But the alternative remedies doctrine requires a state or federal statute to be substituted for a state claim if the substituted statute provides an adequate alternative remedy. It is not an avenue for defendant to remove a state claim to federal court by substituting a federal cause of action for plaintiff's chosen state claim. That would undermine the policy that plaintiff is the master of his own claim and may choose to plead only state causes of action. Because defendant has not met its burden to show federal jurisdiction is appropriate, the court remands this case.

Plaintiff seeks attorney fees for improper removal under 28 U.S.C. § 1447(c). The Supreme Court has held that "the standard for awarding attorney fees should turn on the reasonableness of removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Whether to award attorney fees is left to the district court's discretion. *Id.* The court finds that defendant's basis for removal was reasonable, and does not find any unusual circumstances warranting a departure from the general rule not to award fees where removal was reasonable. Plaintiff's request for costs is therefore denied.

**IT IS THEREFORE ORDERED** that plaintiff Phillip Oler's Motion to Remand (Doc. 10) is granted in part and denied in part. The court remands this case to the District Court of Johnson County, Kansas but it does not award plaintiff his associated fees and costs.

This case is closed.

Dated October 24, 2016, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**